# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| DAVID FOURIE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: _____ |
| | ) |
| DEWALT INDUSTRIAL TOOL CO., | )   JURY TRIAL DEMANDED |
| and STANLEY BLACK & DECKER, | ) |
| INC. | ) |
|    Defendants. | ) |

Plaintiff, **DAVID FOURIE**, ("Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **ROGERS PATRICK WESTBROOK & BRICKMAN, LLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendants, **DEWALT INDUSTRIAL TOOL CO.,** ("DeWalt") and **STANLEY BLACK & DECKER, INC.** ("Black & Decker") (collectively, "Defendants"**)** and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendants design, manufacture, market, import, distribute and sell a wide-range of consumer products, including the subject "DeWALT 12-inch Sliding Compound Miter Saws," which specifically includes the DWS779 (hereafter referred to as "subject saw" or "Miter saw(s)") that is at issue in this case.

2. On or about November 29, 2021, Plaintiff was using the subject saw to cut floorboards. As he was cutting a sheet of molding trim, the blade caught the wood and shot it backward. The wood hit the guard, causing the guard to shatter, and injuring Plaintiff's hand in the process.

1

3. On or about August 4, 2022, Defendants recalled[1] more than *1.2 million* Miter saws, which includes the subject saws, because "[t]he miter saw's rear safety guard can break or detach, posing an injury hazard due to projectiles that can strike the user and bystanders and a laceration hazard to the user who could come into direct contact with the saw blade."[2] The recall was issued in cooperation with the Consumer Products Safety Commission (CPSC).

4. Defendants manufactured these Miter saws including the subject saw, with a defect that made them inherently dangerous.

5. Consequently, Plaintiff brings this case as a direct and proximate result of Defendants' wrongful misconduct.

## THE PARTIES

6. Plaintiff is a resident and citizen of the City of Ridgeland, County of Jasper, State of South Carolina and is 34 years old.

7. Defendant DeWALT Industrial Tool Co. is a Maryland corporation with its principal place of business at 1646 Sulphur Spring Rd., Baltimore, Maryland. DeWALT manufactures, markets, and distributes products throughout the United States, including the subject saw.

8. Defendant Stanley Black & Decker, Inc. is a Connecticut corporation with its principal place of business at 1000 Stanley Drive, New Britain, Connecticut. Black & Decker owns DeWALT and is in the business of manufacturing, mass marketing, and distributing DeWALT Products throughout the United States.

---

[1] https://www.cpsc.gov/Recalls/2022/DeWALT-Recalls-Nearly-1-4-Million-Miter-Saws-Due-to-Injury-and-Laceration-Hazards . A copy of the Safety Recall Report is attached hereto as Exhibit A.
[2] *Id*.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants have sufficient minimum contacts with the State of South Carolina and intentionally availed themselves of the markets within South Carolina through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

12. Defendants design, manufacture, market, import, distribute, and sell power tools and hardware, including the subject saw.

13. On or about November 29, 2021, Plaintiff was using the subject saw to cut floorboards. As he was cutting a sheet of molding trim, the blade caught the wood and shot it backward. The wood hit the guard, causing the guard to shatter, and injuring Plaintiff's hand in the process.

14. On or about August 4, 2022, Defendants recalled[3] more than *1.2 million* Miter saws, which includes the subject saws, because "[t]he miter saw's rear safety guard can break or detach, posing an injury hazard due to projectiles that can strike the user and bystanders and a laceration hazard to the user who could come into direct contact with the saw blade.."[4] The recall was issued in cooperation with the Consumer Products Safety Commission (CPSC).

---

[3] *Id.*
[4] *Id*.

15. Plaintiff used his saw for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendants.

16. Defendants' saws possess defects that make them unreasonably dangerous for their intended use by consumers because of the propensity of the saw's guard to break.

17. Defendants knew or should have known that their saws possessed defects that posed a safety risk to Plaintiff and the public. Nevertheless, Defendants ignored and/or concealed their knowledge of the saws' defects from the general public and continued generating a substantial profit from the sale of their saws.

18. As a direct and proximate result of Defendants' concealment of such defects, their failure to warn consumers of such defects, their failure to remove a product with such defects from the stream of commerce, and their negligent design of such products, Plaintiff used an unreasonably dangerous saw, which resulted in significant and painful bodily injuries.

19. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' saw as described above, which has caused the Plaintiff to suffer from bodily injuries, medical expenses, physical pain and other damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

21. At all times relevant, there was in full force and effect certain statutes of the State of South Caroline pertaining to Sellers of Defective Products as set forth in Section 15-73-10 et seq. of the South Carolina Code Ann. (1976, as amended).

22. Pursuant to S.C. Code § 15-73-10 et seq., Defendants are strictly liable in tort, irrespective of privity, for designing, manufacturing, warranting, marketing, importing, distributing, selling, and otherwise placing a defective and unreasonably dangerous product into the stream of commerce, which was the proximate cause of Plaintiff's injuries and damages.

23. At all times relevant herein, Defendants were in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the saws to consumers, including the subject saw.

24. At the time they were designed, manufactured, warranted, marketed, imported, distributed, and sold by Defendants, the saws were defective in their design, manufacture and/or warnings and were unreasonably dangerous for their foreseeable uses.

25. The subject saw was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

26. Plaintiff neither misused nor materially altered the subject saw and, at the time of the incident complained of herein, the subject saw was in the same or substantially similar condition as it was in at the time of sale.

27. At all relevant times, including when the incident alleged herein occurred, the subject saw was used by Plaintiff in an intended and/or foreseeable manner.

28. As designed, manufactured, warranted, marketed, imported, distributed, and sold, the saws at issue were unreasonably dangerous and failed to perform in a manner reasonably expected in light of their intended design, nature, and function, because at the time they were sold or otherwise distributed by the Defendants they were in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the saws; and (b)

that was unreasonably dangerous to the expected user or consumer when used in a reasonably expectable way of handling or consumption.

29. Further, a reasonable person would conclude that the possibility and seriousness of harm outweighs the burden or cost of making the saws safe. Specifically:

    a. The saws designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

    b. The seriousness of the potential injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

    c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the saws, despite having extensive knowledge that the aforementioned injuries could and did occur;

    d. Defendants failed to adequately test the saws; and

    e. Defendants failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

30. Plaintiff did not know at the time of his use of the subject saw, nor at any time prior thereto, of the existence of the defects in the product.

31. Defendants knew or should have known that their saws created high risk of unreasonable harm to Plaintiff and consumers alike.

32. Despite the fact that Defendants knew or should have known that their saws were dangerously defective and could cause the injuries described herein, Defendants continued to market their saws to the general public (and continues to do so).

33. As a direct, actual, and proximate result of Defendants' actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

34.     Wherefore, Plaintiff requests a judgment against Defendants for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

**SECOND CAUSE OF ACTION**
**<u>NEGLIGENCE</u>**

35.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

36.     The subject saw was expected to and did reach Plaintiff without undergoing any substantial changes or alterations in its condition.

37.     Plaintiff neither misused nor materially altered the subject saw and, at the time of the incident complained of herein, the subject saw was in the same or substantially similar condition as it was in at the time of sale.

38.     Defendants owed a duty to Plaintiff and other users of their products to exercise due care in the sale and distribution of the saws at issue in this case.

39.     Defendants were negligent, careless, and reckless in the design, manufacture, advertising, warning, marketing, and sale of their saws in that, among other things, they:

      a. Failed to use due care in designing and manufacturing the saws to avoid the aforementioned risks to individuals;

      b. Placed an unsafe product into the stream of commerce; and

      c. Were otherwise careless or negligent.

40.     Plaintiff did not know at the time of his use of the subject saw, nor at any time prior thereto, of the existence of the defects in the product.

41. Despite the fact that Defendants knew or should have known that their saws were dangerously defective and could cause the injuries described herein, Defendants continued to market their saws to the general public.

42. As a direct, actual, and proximate result of Defendants' actions and omissions, Plaintiff suffered debilitating injuries, permanent scarring, medical expenses, loss of enjoyment of life, and past and future emotional and physical pain and suffering.

43. Wherefore, Plaintiff requests a judgment against Defendants for damages in a sum to confer jurisdiction upon this Court together with interest on that amount at the legal rate from the date of judgment until paid, for court costs and for other such relief this Court deems just and appropriate.

## THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

45. Defendants had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would foreseeably expose Plaintiff to an unreasonable risk of harm and cause injury.

46. Upon information and belief, Defendants breached their duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they acted with reckless disregard for the health, safety and well-being of Plaintiff and others similarly situated by:

    a. Falsely representing and expressly warranting to their consumers, including Plaintiff, that the subject saw possessed and maintained a number of safety features;

    b. Knowingly subjecting their consumers to the risk of serious injury by designing, manufacturing, warranting, marketing, importing, distributing, and selling Miter saws which they knew contained dangerous defects;

    c. Knowingly making misstatements and omissions about the subject saw's safety features; and

    d. Permitting their defective Miter saws to remain on the market and in use by hundreds of thousands of consumers, despite Defendants' knowledge of the defective and unreasonably dangerous condition of the Miter saws.

47. Defendants' conduct in knowingly permitting the defective Miter saws to remain on the market and in use by hundreds of thousands of consumers despite Defendants' actual knowledge of the defective and unreasonably dangerous condition of the Miter saws amounts to clear and convincing evidence that Defendants acted with willful and wonton misconduct, which was not the result of mistake of fact or law, honest error or judgment, mere negligence or other human failing.

48. Defendants subjected other persons, including Plaintiff, to probable injury with an awareness of such impending danger and with heedless indifference to the consequences by knowingly permitting the defective Miter saws to remain on the market and in use by hundreds of thousands of consumers, despite Defendants' actual knowledge of the defective and unreasonably dangerous condition of the subject saw.

49. As a result of Defendants' conscious disregard for the likely injurious consequences of their course of conduct, Plaintiff sustained injuries and damages entitling him to an award of punitive damages against Defendants.

**PRAYER FOR RELIEF**

50. WHEREFORE, Plaintiff prays as follows:

    a. Judgment against Defendants;

    b. For sums as actual and other compensatory damages, including pain and suffering

    and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

c. For exemplary and punitive damages against Defendants, in an amount as a jury may determine to halt such conduct;

d. For the costs of this suit, including attorney's fees; and

e. For such other and further relief to which he may be entitled, that this Honorable Court deems just and proper.

## JURY DEMAND

51. Plaintiff hereby demands a trial by jury pursuant to Rule 23, SCRCP.

Respectfully submitted,

Dated: November 7, 2024         By:  *s/Elizabeth Middleton Burke*
                                     Elizabeth Middleton Burke (Fed. I.D. 7466)
                                     Misty Black O'Neal (Fed. I.D. 12262)
                                     **ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC**
                                     1037 Chuck Dawley Blvd., Bldg. A
                                     Mount Pleasant, SC 29464
                                     Ph:     (843) 727-6500
                                     Fax:    (843) 216-6509
                                     bburke@rpwb.com
                                     moneal@rpwb.com

*In association with*:

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com
arick@johnsonbecker.com

*Attorneys for Plaintiff David Fourie*